Laurence Stinson
Scott Stinson
STINSON LAW GROUP, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Email: laurence@stinsonlawyers.com

Thomas Keegan
KEEGAN, KRISJANSONS, & MILES, PC.
1233 Bleistein Avenue
Cody, Wyoming 82414
307.587.2385
t.keegan@kkmattorneys.com

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 DEC 31  AM 11: 53

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RODNEY MIEARS and MARIAN MIEARS, husband and wife, | ) ) ) Civil Action No. 18-CV-225-F ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SYSCO MONTANA, INC. | ) **COMPLAINT and JURY DEMAND** ) ) |
| Defendant. | ) ) ) |

COMES NOW Plaintiffs, by and through their counsel, Stinson Law Group, P.C., and Keegan, Krisjansons, & Miles, P.C., and for their causes of action against Defendant, do state and allege as follows:

### I. Jurisdiction and Venue.

1.  Plaintiffs are citizens of Wyoming and residents of Park County, Wyoming. Plaintiff Rodney Miears was injured and disabled in a crash on Highway 14-16-20 in Wyoming.

2.  Defendant Sysco Montana, Inc., (herein "Defendant Sysco") is based in, and a resident of, Yellowstone County, Montana.

3.  This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C §1332, because the amount in controversy is greater than $75,000.00 and the adverse parties are citizens of different states.

## II. Facts Common to All Causes of Action.

4.  A tractor trailer is an 18-wheeled vehicle that often weights 80,000 pounds and requires special training snd safety to operate. For purposes of comparison, a tomahawk missile weighs 2900 to 3500 pounds.

5.  Because of the foreseeable danger and death to the public, including motorists and pedestrians, a company operating a tractor-trailer, like Defendant Sysco, must make safety its number one priority.

6.  Sysco is a food delivery company that commonly and frequently uses tractor-trailers for delivery and its tractor-trailer operators are in constant contact with other motorists and pedestrians.

7.  A tractor trailer company, like Defendant Sysco, must train its drivers to execute turns safely, pay attention to oncoming vehicles, and not rush to make a turn. Failure to follow these safety rules is negligence.

8.  On June 15, 2015 Defendant Sysco employee James Friede was operating a 2003 International Tractor-Trailer for Defendant Sysco and was traveling

westbound on Highway 14-16-20 at milepost marker 32.29 when he turned left and hit Plaintiff Rodney Miears who was traveling eastbound.

9. Defendant Sysco, via its driver, was in violation of safe driving practices.

10. Defendant Sysco, via its driver, crashed the tractor trailer into the vehicle in which Plaintiff was a driver.

11. The crash was caused by Defendant Sysco who is responsible for the conduct of its driver.

12. Plaintiff Rodney Miears did not cause the crash and is not at fault whatsoever.

13. James Friede was at all times relevant hereto, working within the course and scope of his employment with Defendant Sysco. As a result, the actions of Friede with regard to this crash are legally the actions of Defendant Sysco.

14. As a result of the accident, Plaintiff was physically injured including, but not limited to, injuries to his back and spine, specifically at T7 and T8, which cause debilitating pain. Following the accident, Plaintiff Rodney Miears experienced pain of such severity he was unable to remain seated with intense aggravation of the pain. His pain continues today. For example, Plaintiff Rodney Miears cannot engage in the normal activities of life, such as standing, sitting, picking up a child, or routine household activities without pain, discomfort, and frustration. These injuries have left Plaintiff Rodney Miears feeling isolated.

15. As a result of the crash, Plaintiff Rodney Miears suffered, and continues to suffer, permanent loss of enjoyment of life, emotional distress and pain.

16. As a result of the crash, Plaintiff Rodney Miears was determined medically disabled and can no longer work as a highway patrolman.

### III. Multiple Acts of Negligence.

17. The Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

18. The negligence of Defendant Sysco was the cause of the collision.

19. Defendant Sysco is required to keep, maintain, enforce, and follow safe driving practices and safe driving policies. Defendant failed to do this and is negligent.

20. Defendant Sysco was negligent in numerous ways, including but not limited to:

- its driver rushing to make a turn while operating Sysco's tractor-trailer;

- its driver failing to maintain a safe and proper lookout to prevent injury to others, including Plaintiff;

- its driver failing to maintain proper control of the tractor trailer so as to avoid injury to others, including Plaintiff;

- failing to properly supervise and train its driver so to prevent the crash;

- failing to properly supervise and train its driver on safe driving practices, including safe speed and proper lookout;

21. Plaintiff was injured as a result of Defendant Sysco's negligence.

### IV. Loss of Consortium of Plaintiff Marian Miears

22. The Plaintiffs reallege each and every allegation previously set forth in this Complaint as if set forth herein in full.

23.     As a result of the crash described herein and the negligence of Defendant, Plaintiff Marian Miears has been deprived of the usual services, society, consortium and companionship of her husband, and will be so deprived in the future.

24.     By reason of the above, Plaintiff Marian Harnish has been damaged in a sum to be proved at trial.

## V. Punitive Damages.

25.     The Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

26.     The actions of the Defendants were willful, wanton and in reckless disregard for the safety and wellbeing of Plaintiff Rodney Miears to such a degree sufficient to entitle Plaintiffs to an award of punitive damages.

## VI. 6-Person Jury Demand

27.     Plaintiff hereby demands a trial by a six (6) person jury for all issues.

## VII. Prayer for Relief

WHEREFORE, Plaintiffs prays this Court for judgment in their favor and against Defendant as follows:

   a.   For past and future pain and suffering, including emotional suffering, in an amount to be proved at trial;

   b.   For past and future loss of enjoyment of life in an amount to be proved at trial;

   c.   For disabilities of Plaintiff, in an amount to be proved at trial;

   d.   For lost wages of Plaintiff in an amount to be proved at trial;

   e.   For punitive damages in an amount to be proved at trial;

   f.   For Plaintiff's costs of suit herein; and

g. For such other and further relief as the Court deems equitable and just.

DATED this 28th day of December, 2018.

_____
RODNEY MIEARS, Plaintiff

_____
MARIAN MIEARS, Plaintiff

**Stinson Law Group, P.C.**

By:_____
**Laurence W. Stinson**
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Attorney for Plaintiff

**Keegan, Krisjansons & Miles, P.C.**

By:_____
**Thomas P. Keegan**
1233 Bleistein Avenue
P.O. Box 2930
Cody, Wyoming 82414
307.587.2385
t.keegan@kkmattorneys.com