Jeff S. Meyer  #6-4280
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper WY  82601
307-235-6681
jmeyer@schwartzbon.com
Attorneys for Defendant Sysco Montana, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RODNEY MIEARS and MARIAN MIEARS, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 18-CV-225F |
| vs. | ) ) ) | |
| SYSCO MONTANA, INC., | ) ) | |
| Defendant. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND
OF DEFENDANT SYSCO MONTANA, INC.**

COMES NOW Sysco Montana, Inc (hereafter "Sysco"), by and through its attorneys Schwartz, Bon, Walker & Studer, LLC and answers Plaintiffs' Complaint as follows:

1. Sysco is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 4, 14, 15, 16, 23, & 24 of Plaintiffs' Complaint, and the allegations are therefore denied.

2. Sysco admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Paragraphs 3, 5, 7, 12 & 19 of Plaintiffs' Complaint assert legal conclusions related to jurisdiction, duty and negligence and an Answer from Sysco is therefore not required.  To the extent that this paragraph asserts an allegation against Sysco, the allegation is denied.

4. In response to Paragraph 6 of Plaintiffs' Complaint, Sysco admits that it is a food delivery company and that it uses tractor trailer combinations for the delivery products it is contracted to deliver. Sysco denies the remaining allegations of this Paragraph of Plaintiffs' Complaint.

5. In response to Paragraph 8 of Plaintiffs' Complaint, Sysco admits that on June 15, 2015, James Friede was an employee of Sysco and was operating a semi-tractor trailer combination owned by Sysco, and that it is aware that an accident occurred involving the vehicle being operated by Mr. Friede and the vehicle being operated by Plaintiff, Rodney Miears. Sysco is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and therefore denies the allegations.

6. Paragraphs 9 and 10 of Plaintiff's Complaint appear to assert allegations against parties other than Sysco, and therefore an answer form Sysco is not required. To the extent that these paragraphs assert allegations against Sysco, the allegations are denied.

7. In response to Paragraphs 11 & 13 of Plaintiffs' Complaint, and to the extent that they assert that James Friede was an employee of Sysco, acting within the scope and course of his employment on June 15, 2015; and, that Sysco is vicariously liable for the negligence of Mr. Friede under the doctrine of Respondeat Superior for his negligent acts that occurred during the scope and course of his employment, Sysco admits these allegations. To the extent that these paragraphs of Plaintiffs' Complaint assert other allegations against Sysco, the allegations are denied. To the extent that these paragraphs assert allegations against parties other than Sysco, an Answer from Sysco is not required.

8. Paragraphs 17, 22 and 25 of Plaintiffs' Complaint are restatements of allegations previously made in the Complaint and an answer from Sysco is not required. To the extent that these Paragraphs assert allegations against the answering Sysco, they are denied.

9. Sysco denies the allegations of Paragraph 18 and 21 of Plaintiffs' Complaint.

10. To the extent that Paragraphs 20, and all of its sub-parts, and 26 of Plaintiffs' Complaint assert allegations against Sysco, the allegations are denied. To the extent that Paragraphs 20, and all of its sub-parts, and 26 of Plaintiffs' Complaint assert allegations against parties other than Sysco, an answer from Sysco is not required.

11. Paragraph 27 of Plaintiffs' Complaint asserts Plaintiffs' Demand for a six-person jury trial, and an Answer to this paragraph is not required. Sysco further states that Pursuant to Local Rule of Civil Procedure Rule 48.1, the number of jurors for a civil jury trial to this Court is 8 jurors, and Sysco demands a trial to 8 jurors pursuant to this rule, and Rule 38 of the Federal Rules of Civil Procedure.

12. To the extent that Sysco has not specifically answered any other allegation asserted against it in the Plaintiffs' Complaint, those allegations are denied.

WHEREFORE having answered Plaintiff's Complaint, Sysco Montana, Inc., prays for a dismissal and or judgment in its favor for costs and expenses incurred, that Plaintiffs take nothing by way of their Complaint, and for such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

A. Plaintiffs' Complaint fails to state a claim against the answering Defendant from which relief may be granted.

B. Plaintiffs' damages, if any, were caused by the contributing, intervening or superseding actions, errors, omissions, negligence or breach of express or implied warranty or

individuals or entities other than the answering Defendant, and as such, any action or inaction of the answering Defendant was not the proximate cause of producing the damages alleged by Plaintiff, if any.

      C.      Plaintiffs failed to mitigate their damages.

      D.      This answering Defendant breached no duty to the Plaintiff.

      E.      Liability asserted against the answering Defendant on any theory of fault as defined by W.S. § 1-1-109, and all other actors, parties and nonparties, including the Plaintiffs, must be assessed, evaluated and if any proportioned to their respective fault.  Pursuant W.S. § 1-1-109, the Plaintiffs' recovery, if any, must be reduced by the percentage of their fault, and the fault of other third-party actors.

      F.      Plaintiff's alleged injuries were proximately caused by the unforeseeable, independent or intervening and/or superseding events beyond the control of the answering Defendant.

      G.      The Plaintiffs have failed to name all necessary and indispensable parties.

**The answering Defendant reserves the right to amend its Answer and Affirmative Defenses as the discovery of additional information warrants.**

### DEMAND FOR JURY TRIAL

The Defendant pursuant to Federal Rule of Civil Procedure, Rule 38, hereby demands that this matter be tried to a jury of Eight (8) persons.

DATED this 24th day of January, 2019.

                                        Jeff S. Meyer  #6-4280
                                        Schwartz, Bon, Walker & Studer, LLC
                                        141 South Center, Suite 500
                                        Casper WY 82601
                                        307-235-6681
                                        jmeyer@schwartzbon.com
                                        *Attorneys for Deft Sysco Montana, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 16th day of January, 2019, I served a true and correct copy of the above and foregoing via the following indicated method(s):

| | |
|---|---|
| Laurence Stinson | [X]  *Via CM/ECF electronic filing* |
| Scott Stinson | [ ]  *Via US Mail* |
| Stinson Law Group, PC | |
| 1421 Rumsey Ave. | |
| Cody, WY 82414 | |
| laurence@stinsonlawyers.com | |

Thomas Keegan
Keegan, Krisjansons, & Miles, PC
1233 Bleinstein Ave.
Cody, WY 82414
t.keegankkmattorneys.com

*Attorneys for Plaintiff*

                                        Jeff S. Meyer