Laurence Stinson
STINSON LAW GROUP, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Email:   laurence@stinsonlawyers.com

Tom Keegan
KEEGAN, KRISJANSONS, & MILES, PC.
1233 Bleistein
Cody, Wyoming 82414
307.587.2385
t.keegan@kkmattorneys.com

*Attorneys for Plaintiff*

Jeff S. Meyer
SCHWARTZ, BON, WALKER &
STUDER, LLC
141 S. Center St., Ste. 500
Casper WY  82601
307-235-6681
jmeyer@schwartzbon.com

*Attorneys for Defendant Sysco Montana, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| RODNEY MIEARS and MARIAN MIEARS, husband and wife, | Civil Action No.: 18-CV-225-NDF |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT PLAN** |
| SYSCO MONTANA, INC. | |
| Defendant. | |

1

1. **The names of counsel who attended the Rule 26(f) meeting and assisted in developing the Case Management Statement**.

Laurence W. Stinson, Stinson Law Group, P.C., for Plaintiffs. Jeff S. Meyer, Schwartz Bon Walker & Studer, LLC, for Defendant.

2. **A list of the parties in the case, including any parent corporations or entities (for recusal purposes)**.

Plaintiffs are Rodney Miears and Marian Miears, husband and wife.

Defendant is Sysco Montana, Inc. Defendant Sysco Montana is wholly owned by Sysco Holdings, LLC.   Sysco Holdings, LLC is wholly owned by Sysco Corporation, a publicly traded corporation.

3. **A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses**.

Sysco is a food delivery company that uses tractor-trailers for delivery.   On June 14, 2015 Defendant Sysco employee James Friede was operating a 2003 International Tractor-Trailer for Defendant Sysco.   Plaintiff asserts that Mr. Friede was traveling westbound on Highway 154-16-20 at milepost marker 32.29 when he turned left and hit Plaintiff Rodney Miears who was traveling eastbound.   Plaintiff Rodney Miears was operating a Wyoming Highway Patrol Vehicle and was a Wyoming Highway Patrol Trooper. Plaintiff alleges that:

- Defendant Sysco, via its driver was, in violation of safe driving practices; and

- Defendant Sysco, via its driver, crashed the tractor trailer into the vehicle in which Plaintiff was a driver; and

- The crash was caused by Defendant Sysco who is responsible for the conduct of its driver.

2

As a result of the accident, Plaintiff alleges that he was physically injured including, but not limited to, injuries to his back and spine, specifically at T7 and T8, which causes debilitating pain.    Following the accident, Plaintiff Rodney Miears further alleges that he experienced pain of such severity he was unable to remain seated without intense aggravation of the pain. Plaintiff Rodney Miears alleges he cannot engage in the normal activities of life; and, that this crash and resulting injuries have left Plaintiff Rodney Miears feeling isolated.    Plaintiff Rodney Miears asserts that he has suffered, and will continue to suffer, permanent loss of enjoyment of life, emotional distress and pain.    Plaintiff alleges that as a result of the accident, Plaintiff Rodney Miears was determined medically disabled and can no longer work as a highway patrolman. Plaintiffs are not seeking recovery of medical expenses.

Plaintiffs have alleged multiple counts of negligence against Defendant Sysco, including: its driver rushing to make a turn while operating Sysco's tractor-trailer; its driver failing to maintain a safe and proper lookout to prevent injury to others, including Plaintiff; its driver failing to maintain proper control of the tractor trailer so as to avoid injury to others, Sysco failing to properly supervise and train its driver so as to prevent the crash; and Sysco failing to properly supervise and train its driver on safe driving practices, including safe speed and proper lookout.    Plaintiffs have alleged an independent cause of action for punitive damages.

 Defendant Sysco admits that James Friede was working within the course and scope of his employment with Defendant Sysco on June 14, 2015.    Further, Defendant Sysco admitted that it is vicariously liable for the negligence of Mr. Friede, if any, under the doctrine of respondeat superior.    Defendant Sysco denied that it is individually negligent.

Defendant Sysco asserts the following defenses: Plaintiffs' Complaint fails to state a claim against the answering Defendant from which relief may be granted; Plaintiffs' damages, if any, were caused by the contributing, intervening or superseding actions, errors, omissions, negligence or breach of express or implied warranty or individuals or entities other than the answering Defendant, and as such, any action or inaction of the answering Defendant was not the proximate cause of producing the damages alleged by Plaintiffs, if any; Plaintiffs failed to mitigate their damages; this answering Defendant breached no duty to the Plaintiff; Liability asserted against the answering Defendant on any theory of fault as defined by W.S. § 1-1-109, and all other actors, parties and nonparties, including the Plaintiffs, must be assessed, evaluated and if any proportioned to their respective fault. Pursuant to W.S. § 1-1-109, the Plaintiffs' recovery, if any, must be reduced by the percentage of their fault, and the fault of other third-party actors; Plaintiff's alleged injuries were proximately caused by the unforeseeable, independent or intervening and/or superseding events beyond the control of the answering Defendant; and the Plaintiffs have failed to name all necessary and indispensable parties.

4. **A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides**.

Jurisdiction is based on diversity, 28 USC §1332.   Plaintiffs are residents of Wyoming. Defendant Sysco Montana is a Montana corporation domiciled in Billings, Montana.   There are no issues with regard to jurisdiction and both parties consent to the jurisdiction of this court.

5.   **A list of any parties who have not been served, and an explanation of why they have not been served.   Also, a list of any parties who have been served, but have not answered or otherwise appeared**.

Not applicable.

6.   **A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference)**.

Plaintiffs have not named the driver of the tractor-trailer, James Friede.   Plaintiffs contend that Sysco is legally responsible for the crash and it is not necessary to name the driver.   However, depending on answers received through discovery, attempts at a stipulation regarding the driver, or rulings from this court, Plaintiff may add Mr. Friede as a party.

7.   **Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement**.

The Parties expect that dispositive motions will be filed pursuant to FRCP Rule 56.

8.   **The nature and type of discovery each party intends to pursue and, whether discovery is an issue and whether the discovery should be limited in any manner**.

Plaintiffs intend to serve written discovery and complete 4-6 depositions of fact witnesses, including one or more 30(b)(6) depositions.   Additionally, Plaintiffs may depose Defendant

Sysco's expert witnesses. Plaintiffs may seek to conduct an inspection of the premises of Sysco Montana and/or the tractor-trailer involved in the crash.

Defendant intends to serve written discovery and complete 7-10 fact witness depositions, including those of the Plaintiffs, highway patrol troopers, and treating medical providers. Defendant may additionally depose any experts designated by Plaintiffs. Defendants may have a defense medical exam of Plaintiff Rodney Miears.

Plaintiffs have issued Rule 26 Initial Disclosures.   Defendant expects to issue Rule 26 Initial Disclosures prior to the IPTC.

9.    **The status of related cases pending before other courts or other judges of this Court**.

There are no known related cases before this court.

10.    **Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances.   Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference**.

a.    Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);    *Plaintiffs – August 27, 2018*;

*Defendants – October 1, 2018*

b.    A deadline for the completion of fact discovery:    *November 11, 2018*

c.    A deadline for filing dispositive motions: *November 11, 2018*

     d.     A date for a dispositive motion hearing (the parties may choose not to have a hearing):   *December 17, 2018*

     e.     A date for the final pretrial conference:   *January 16, 2019*

     f.     A date for trial:   *January 27-January 30, 2019*

11.   **The estimated length of trial and any suggestions for shortening the trial**.

Trial is expected to last four (4) days.

12. **The prospects for settlement, including any request of the Court for assistance in settlement efforts**.

The parties believe the prospect for settlement is fair.

13.   **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner**.

The undersigned have met and conferred regarding an early written discovery dispute and have attempted to craft a solution.    However, the undersigned my seek court involvement and ruling if they are unable to reach an agreement on how to proceed.


**/s/ Laurence W. Stinson**          March 7, 2019

Counsel for Plaintiff(s)             Date

**/s/ Jeff S. Meyer**             March 7, 2019

Counsel for Defendant(s)          Date