Jeff S. Meyer, WSB No. 6-4280
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper WY  82601
307-235-6681 | Fax: (307) 234-5099
jmeyer@schwartzbon.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RODNEY MIEARS and MARIAN MIEARS, husband and wife, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 18-CV-225F ) |
| vs. | ) ) |
| SYSCO MONTANA, INC., | ) ) |
| Defendant. | ) |

**MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT**

COMES NOW Defendant, Sysco Montana, Inc (hereafter "Defendant"), by and through its attorneys Schwartz, Bon, Walker & Studer, LLC, and pursuant to Rule 15 of the Fed. R. Civ. P., hereby moves the Court to allow Sysco to file its *First Amended Answer, Affirmative Defenses and Jury Demand* to Plaintiffs' Complaint. In support of its motion, Sysco states as follows:

1. On December 31, 2018, Plaintiffs filed their *Complaint and Jury Demand* with the Court. (ECF Doc. No. 1.)

2. On January 24, 2019, Defendant filed its *Answer, Affirmative Defenses and Jury Demand*. (ECF Doc. No. 3.)

3. Defendant admitted that its employee, James Friede, was acting within the scope of his employment for the Defendant at the time of the accident at issue, and that the Defendant is vicariously liable for its employee's alleged negligence in its Answer. (ECF Doc. No. 3, ¶ 5 and ¶ 7.)

4. Plaintiffs' Complaint asserts direct claims of negligence against the Defendant. These claims include allegations that "the negligence of Defendant Sysco was the cause of the collision." (ECF Doc. No.1, ¶ 18.) That "Defendant Sysco is required to keep, maintain, enforce and follow safe driving practices and policies. Defendant failed to do this and is negligent." (*Id.* at ¶ 19.) That "Defendant Sysco was negligent in numerous ways, including but not limited to: its driver rushing to make a turn while operating Sysco's tractor-trailer; its driver failing to maintain a safe and proper lookout to prevent injury to others, including Plaintiff; its driver failing to maintain proper control of the tractor trailer so as to avoid injury to others, including Plaintiff; failing to properly supervise and train its driver so to prevent the crash; [and] failing to properly supervise and train its driver on safe driving practices, including safe speed and proper lookout." (*Id.* at ¶ 20.)

5. Defendant denied that it was negligent in its answer. (ECF Doc. No. 3, ¶ 3, ¶9 and ¶ 10.)

6. Plaintiffs' Complaint does not make specific allegations against Defendant's employee. (ECF Doc. No. 1.)

7. Defendant made no admissions or denials related to the any alleged negligence of its employee, to the extent that Plaintiffs made allegations of negligence against its employee in their Complaint. (ECF Doc. No. 3.)

8. Based on discovery to date, and other information known to the Defendant, Defendant seeks to amend its Answer and to the extent that Plaintiffs' Complaint can be construed to allege negligent acts of Defendant's employee James Friede. Defendant seeks to admit its employee,

James Friede, was solely at fault for the accident and does not seek to apportion fault between its employee and Plaintiff related to the cause of the accident.

9. Additionally, to the extent that Plaintiffs' Complaint can be construed to allege negligent acts of Defendant's employee, James Friede, caused an injury to the Plaintiff Rodney Miears, Defendant seeks to amend its answer to admit that Mr. Miears was injured as a result of the accident. Defendant reserves the right to contest the nature and extent of the injury and any damages claimed as a result.

10. Defendant continues to deny that it was negligent or that it had a direct and actionable duty to the Plaintiffs, and/or that its alleged negligence caused the Plaintiffs any injury or damages. To the extent that Plaintiffs' Complaint fails to allege negligent acts of its employee that it is vicariously liable for and Plaintiffs' intend to pursue direct claims of negligence against Sysco, Sysco reserves its rights under W.S. § 1-1-109 to allocate fault between itself and its employee.[1]

11. The proposed amendment will simplify this case for trial and does not seek to add any additional affirmative defenses, nor will the amendment cause any delay to the current schedule.

12. Undersigned counsel conferred with Plaintiffs' counsel on September 20, 2019 seeking consent to file the proposed Amended Answer. Plaintiffs' counsel has not responded, and files the current Motion seeking the Court's leave to file First Amended Answer, Affirmative Defenses and Jury Demand.

13. Attached hereto is a copy of the Defendant's proposed *First Amended Answer and Affirmative Defenses, and Jury Demand*.

---

[1] To the extent that Plaintiffs' Complaint can be construed to assert allegations of Defendant's employee's negligence and vicarious liability of Defendant for that negligence, Defendant intends to seek dismissal of any and all direct negligence claims asserted against it pursuant to *Bogdanski v. Budzik*, 408 P.3d 1156 (Wyo. 2018); and *Cahalan v. May Trucking, Co., et. al*, 2012 WL 12915496 (U.S. D. Ct. WY 2012).

DATED this 1st day of October 2019.

                                      Jeff S. Meyer, WSB No. 6-4280
                                      Schwartz, Bon, Walker & Studer, LLC
                                      141 South Center, Suite 500
                                      Casper WY 82601
                                      307-235-6681 | Fax: (307) 234-5099
                                      jmeyer@schwartzbon.com
                                      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      This is to certify that on this 1st day of October 2019, I served a true and correct copy of the above and foregoing via CM/ECF electronic filing upon counsel properly addressed as follows:

    Laurence Stinson
    Scott Stinson
    Stinson Law Group, PC
    1421 Rumsey Ave.
    Cody, WY 82414
    laurence@stinsonlawyers.com

    Thomas Keegan
    Keegan, Krisjansons, & Miles, PC
    1233 Bleinstein Ave.
    Cody, WY 82414
    t.keegankkmattorneys.com

    *Attorneys for Plaintiff*

                                        Jeff S. Meyer