Laurence Stinson
Scott Stinson
STINSON LAW GROUP, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Email:  laurence@stinsonlawyers.com

Tom Keegan
KEEGAN, KRISJANSONS, & MILES, PC.
1233 Bleistein
Cody, Wyoming 82414
307.587.2385
t.keegan@kkmattorneys.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| RODNEY MIEARS and MARIAN MIEARS, husband and wife,<br><br>Plaintiff,<br><br>vs.<br><br>SYSCO MONTANA, INC.<br><br>Defendant. | Civil Action No. 18-CV-225-NDF<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR MANDATORY SETTLEMENT CONFERENCE** |

COMES NOW Plaintiffs, by and through their counsel, Stinson Law Group, P.C., and Keegan, Krisjansons, & Miles, P.C., and hereby submit their Response to Defendant's Motion for Mandatory Settlement Conference Pursuant to Rule 16.3 USDCLR. Plaintiffs advise the Court as follows:

1. Plaintiffs agree with Defendant's position that discovery is far enough along that mediation can now occur. But Plaintiffs respectfully request the imposition of ground rules so that any mediation will have the optimal chance of success and simultaneously avoid the wasting of time. Plaintiffs previously proposed ground rules in advance of mediation, which ground rules the Defendant rejected and, instead, seeks to force mediation.

2. Plaintiffs ask the Court to impose the following conditions on any mediation:

    a. That the parties make a full and complete statement of the case during a joint session with the mediator at the outset of the mediation.

    b. That the parties recognize that Plaintiffs have already made an opening demand and that Defendant make an opening offer in advance of mediation so that the mediator and the Plaintiff can assess whether in-person mediation and its associated costs and travel and time are merited. This will allow the mediator to determine whether Defendant is proceeding in good faith in mediation. Plaintiffs have demanded a specific threshold number from Defendant as an opening offer in good faith, and Defendant has declined. Plaintiffs will provide this information to the mediator upon request, but have withhold it here.

c.  That the parties provide any information reasonably requested by the other side during mediation, including reasonable requests for additional information from the parties.

d.  That the parties consider and respond within thirty (30) minutes to all counteroffers within the case's reasonable settlement value.

e.  That the parties stay at the mediation as long as needed to resolve the matter, if possible.

f.  That Plaintiffs need only sign a confidentiality provision for additional consideration under the condition that the tax requirements of the Rodman IRS case (*Amos v. Commissioner,* 2003 WL 22839795 (T.C. 2003)) are satisfied.

g.  That there shall be no confidentiality about any of the underlying facts of the case or of the fact that a confidential settlement has occurred, but Plaintiffs will agree to keep the number confidential. Plaintiffs contend that confidentiality of the underlying facts is against the public interest of safety and deterrence of bad conduct by Defendant or its parent or affiliates or similarly situated trucking companies.

h.  That Defendant's decision-making representatives be physically present for the duration of the mediation.

i.  That if Defendant or its parent company is relying on insurance coverage to pay any portion of the settlement, an insurance adjuster

   with full settlement authority be physically present for the duration of the mediation.

  j. That if the case settles, Defendant shall pay any agreed upon settlement funds no later than 30 days after the date of the settlement and that any payment received after the 30 days must include interest at the rate of 12% per annum.

3. Because the crash caused Plaintiff Rodney Miears to have significant to severe pain while remaining in a static position, such as sitting in car, and this is a reason he was disabled as a Wyoming Highway Patrol Trooper, Plaintiffs ask that any mediation occur in Cody, Wyoming which is where Plaintiffs live and where the crash occurred.

4. Plaintiffs agree that it would be helpful to have a mediator with judicial experience, but also one that is willing to travel to Cody, Wyoming.  For this reason, Plaintiff previously proposed Judge John Brooks, Ret., as a mediator. John Brooks is willing to travel to Cody, Wyoming for the mediation.  Judge Brooks handled civil trucking cases before taking the bench, has the necessary judicial experience, and is otherwise qualified. Plaintiffs are agreeable to another mediator, including a different judge, magistrate, or lawyer.

5. Plaintiffs believe the applicable law is well-settled.  An employer is subject to liability for torts committed by employees while acting within the scope of their employment. This is basic Wyoming law and is also stated in §2.04 of the Restatement of the Law, Third, Agency.  The Wyoming Supreme

Court has said that, "direct negligence claims effectively impute the employee's liability for his negligent conduct to the employer, similar to vicarious liability." *Bogdanski v.Budzik*, 408 P.3d 1156, ¶22 (Wyo. 2018).

6. Defendants appear to take the position that *Bogdanski* holds that when an employer has admitted liability under the doctrine of respondeat superior for its driver's negligence, it is <u>always</u> improper to allow direct claims against the employer on other theories of imputed negligence. While the Wyoming Supreme Court did hold in *Bogdanski* that a plaintiff cannot ordinarily bring independent claims against a motor carrier for negligent entrustment, supervision, hiring and retention in cases where the motor carrier has admitted liability for its employee's negligence under respondeat superior, the Wyoming Supreme Court did not bar direct negligence claims in lieu of naming the driver or bar claims based on punitive conduct.  It appears punitive claims were not raised in *Bogdanski*.

7. This Court, however, has followed a majority rule in *Hockaday v. Aries Logistics*. *Order Denying Defendants' Motion for New Trial and/or Remittitur*, Document 294, pages 14-16, 2:14 -cv-260-ABJ, (D.C. Wyo., 2018), and held that "there is a generally recognized exception to this rule when the plaintiff 'has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee.'" See also *Frederick v. Swift Transportation Co.*, 616 P.3d 1078, 1081 (10th Cir. 2010) (citing: ; *Coville v. Ryder Truck Rental, Inc.,* 30

A.D.3d 744, 817 N.Y.S.2d 179, 180 (N.Y.App.Div.2006); *McHaffie v. Bunch,* 891 S.W.2d 822, 826 (Mo.1995); *Tindall v. Enderle,* 162 Ind.App. 524, 320 N.E.2d 764, 768 (1974)). See also: *Hunt v. Roadway Express, Inc.*, 2009 WL 10698635, 2 (D. Wyo. 2009) and cases cited therein.

8. As is documented in a report authored by an experienced trucking safety industry expert, and filed within Plaintiffs' expert witness designation [Doc. 17], Defendant and its driver acted in conscious disregard of the likelihood of injury to another motorist. This statement is not made lightly. Mr. Morgan, the trucking safety expert and consultant, identified in his report the multiple, factual bases for this conclusion including hiring of the driver in violation of Defendant's own policies, a documented failure to train, a documented failure to supervise, and an admission that this crash was preventable.

9. Plaintiff Rodney Miears was hurt on June 15, 2015. Despite the passage of four (4) plus years since the crash, Defendant Sysco has made zero efforts to resolve the case. Defendant is now trying to force Plaintiffs to mediation without making a single settlement offer. Plaintiffs respectfully submit this is an inauspicious start for any resolution and believe the mediation rules Plaintiffs have outlined would aid in resolution or reveal Defendant's lack of good faith at the same.

This Response is submitted for the purpose of aiding the Court's understanding of the present position of the parties in advance of the Court's scheduled conference call to discuss mediation.

DATED this 7th day of October 2019.

                    **Stinson Law Group, P.C.**

                    By: */s/ Laurence W. Stinson*
                    **Laurence W. Stinson**
                    1421 Rumsey Avenue
                    Cody, Wyoming 82414
                    307.587.0300
                    Fax:  307.527.6092
                    Attorney for Plaintiff