Jeff S. Meyer, WSB No. 6-4280
*Schwartz, Bon, Walker & Studer, LLC*
141 S. Center St., Ste. 500
Casper WY 82601
307-235-6681 | Fax: (307) 234-5099
jmeyer@schwartzbon.com
*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RODNEY MIEARS and MARIAN | ) | |
| MIEARS, husband and wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 18-CV-225F |
| | ) | |
| vs. | ) | |
| | ) | |
| SYSCO MONTANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE
## PLAINTIFFS' EXPERT DESIGNATIONS

COMES NOW Defendant, Sysco Montana, Inc. ("Defendant"), by and through its attorneys of Schwartz, Bon, Walker & Studer, LLC, hereby submits its *Brief in Support* of its *Motion to Strike Plaintiffs' Expert Designations* as follows:

## I.     LEGAL AUTHORITY

### A.     Expert designations must comply with Fed. R. Civ. P. 26(a)(2).

"[Expert] [o]pinions are valueless as evidence without exploration of the underlying facts and rationale showing the path from the facts to the opinion." *Energy Drilling, LLC v. Pacific Energy & Mining Company, LLC*, 2016 WL 3509329, *3 (D. Wyo. April 1, 2016). Witnesses presenting testimony within the bounds of Fed. R. Evid. 702, 703, or 705 are subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2). *See* U.S.D.C.L.R. 26(e)(5). A non-retained expert must provide a summary of the facts and opinions to be presented, while a retained expert

must supply a written report containing the facts upon which he relied, and the conclusions made

therefrom. *See* Fed. R. Civ. P. 26(a)(2)(B) and (C), *Miranda v. Wyoming Department of Transportation*, 2017 WL 9287016, *3 (D. Wyo. Dec. 15, 2017). "It is the substance of the expert's testimony, not the status of the expert, which dictates whether a Rule 26(a)(2)(B) report will be required." *Prager v. Campbell County Memorial Hospital*, 2011 WL 13141599, *2 (D. Wyo. May 11, 2011).

A proper summary, pursuant to Fed. R. Civ. P. 26(a)(2)(C), requires specific citations to records and facts for which any opinion or conclusion is grounded. *Miranda v. Wyoming Dept. of Transportation*, 2017 WL 9287016, *3-5, (D. Wyo. Dec. 15, 2017) (finding the report insufficient when it failed to identify the facts relied upon and the specific job duties which were claimed could no longer be performed). Blanket citations to treating professionals' medical records will not satisfy the summary requirement. *Smothers v. Solvay Chemicals, Inc.*, 2014 WL 3051210, *5 (D. Wyo. July 3, 2014). Similarly, conclusory opinions are insufficient when the factual basis is absent. *Miranda v. Wyoming Department of Transportation.* 2017 WL 9287016 *3 (D. Wyo. Dec. 15, 2017). This Court emphasized the summary requirement, pursuant to the *Order on Initial Pretrial Conference* on March 21, 2019 [ECF Doc. 8]:

> Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiff shall designate expert witnesses and provide the opposing party with a **complete summary of the testimony of each expert** by August 27, 2019[1]…These **summaries SHALL** include a **comprehensive statement** of the expert's opinions **and the basis for the opinions. (emphasis supplied)**.

## II.     ARGUMENT

**1.      Plaintiffs have failed to satisfy their duties under Fed. R. Civ. P. 26(a). There are no summaries nor written reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or (C).**

---

[1]  The date for Plaintiffs to file their expert designations was extended until October 2, 2019. All other requirements imposed in the *Order on Initial Pretrial Conference* remained unchanged.

a.      *Stephen Emery, M.D.: There is no proper summary; there is no identified factual support for the conclusions; and the proffered testimony goes beyond the course and treatment of Mr. Miears.*

Dr. Emery was designated as a non-retained expert by Plaintiffs, purportedly to testify to the matters listed in Plaintiffs' designation based on his records and diagnosis and prognosis stemming from his records.  These include the care and treatment of Plaintiff as well as his evaluation of his disability, and Plaintiff's diagnosis, prognosis and being medically disabled.  Dr. Emery's designation further purports to establish that he will  provide an opinion about Plaintiff, Rodney Miears' physical function, prospects for improvement, and whether surgery can resolve the issues; and that Dr. Emery will provide an opinion that  Plaintiff's condition will decline as he ages, and provide opinions about his review of other providers records treatment of Plaintiff.  The designation attempts to designate Dr. Emery to testify to "refute any allegation that Mr. Miears symptomology, patho-physical disfunction, and/or disability stem from any incident other than the crash with the Sysco Montana tractor-trailer."  *Plaintiffs' Exert Witness Designations*, pp. 3-4 [ECF Doc. 17].

The designation of Dr. Emery asserting that Mr. Miears is "medically disabled"; his "physical function is unlikely to improve and that surgery cannot fix the pain and limitations"; and the "symptoms, his patho-physical disfunction, and/or disability cannot be contributed to any other incident or crash" purports to represent that these conclusions are based upon Dr. Emery's "care and treatment of the Plaintiff as well as his evaluation of his disability." The blanket reference to records does not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C)(ii).  No specific records or facts are cited.  **How** Dr. Emery arrived at these opinions is absent.  To be admissible, Dr. Emery must identify the job duties first to later claim that Mr. Miears cannot now perform those same functions.  *See Energy Drilling, LLC v. Pacific Energy & Mining Company, LLC*, 2016 WL

3509329, *3 (D. Wyo. April 1, 2016) ("Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."). Similarly, Mr. Miears' premorbid physical functioning or even current physical functioning is not disclosed and therefore the ability to opine that the same is "unlikely to improve" is unsupported. Without the facts providing the foundation for Dr. Emery's conclusions, the ability of the defense to properly prepare and examine Dr. Emery is frustrated. Designating Dr. Emery to testify to refute potential testimony and evidence from the Defendant is an obvious acknowledgement that this testimony is neither based on Dr. Emery's treatment of Plaintiff, nor are there any stated facts to support this potential future testimony.

Moreover, Plaintiffs submit Dr. Emery will testify regarding his review of Dr. Schmidt's records and those of Dr. Kalkowksi. Specifically, he will testify that Dr. Kalkowski's treatment was "appropriate." Such testimony converts Dr. Emery's treating function to that of an expert for which a report is required – opinions based on information obtained outside of treatment. A treating physician, if designated as a non-retained expert, is limited to "their personal knowledge of the treatment of the patient and **not** information acquired from outside sources for the purpose of giving an opinion in anticipation of trial." *Energy Drilling, LLC v. Pacific Energy & Mining Company, LLC*, 2016 WL 3509329, *3 (D. Wyo. April 1, 2016) (a treating physician is an example of a non-retained expert if '[t]heir testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial.'"), *see also Prager v. Campbell County Memorial Hospital,* 2011 WL 13141599, *2 (D. Wyo. May 11, 2011). This has not been done. Therefore, Dr. Emery's designation is insufficient for failing to disclose the facts supporting his conclusions and the proposed testimony is subject to the requirements of Fed. R. Civ. P. 26(a)(2)(B), not (C).

Copies of Dr. Emery's medical records for his treatment of Plaintiff produce by Plaintiffs are attached as Exhibit A.  Examination of these records reveals that the proposed testimony of Dr. Emery discussed above simply cannot be found in the records that Plaintiff is relying on.

> b.      *Vince Kalkowski, D.C.: There is no summary as it fails to supply an appropriate factual basis for which the conclusions are founded.*

Dr. Kalkowski designation states that he will testify "that his chiropractic conclusion is that Mr. Miears physical function is unlikely to improve and that the condition and physical functioning of Mr. Miears is likely to decline as he ages." These conclusions are based upon "the information and opinions stated in his medical records and consistent with his September 23, 2019 deposition." This is the entirety of the designation.  The broad reference to "records" and "deposition" does not satisfy the summary requirement.  *Smothers v. Solvay Chemicals, Inc.*, 2014 WL 3051210, *5 (D. Wyo. July 3, 2014).  There are no explanations as to **how** Dr. Kalkowski arrived at his conclusions, nor is there information regarding Mr. Miears' premorbid physical functioning or his current physical state.  The generalized statement that "physical functioning of Mr. Miears is likely to decline as he ages," alone is of little help.  The defense is left wanting.  Copies of Dr. Kalkawski's medical records for his treatment of Plaintiff produce by Plaintiffs are attached as Exhibit B.

> c.      *Frank Schmidt, M.D.: The summary is insufficient for failing to identify the facts for which he relies in making his conclusions.*

Dr. Schmidt "formed the medical conclusion that Mr. Miears was physically incapable of performing his job … and therefore medically disabled." The designation goes on to list that Dr. Schmidt "will further testify that his medical conclusions are Mr. Miears physical function is unlikely to improve; … [he] is not a surgical candidate; … surgery cannot fix the pain and limitations; … [his] condition and physical functioning … is likely to decline …"  In support of these conclusions, the defense is referred to Dr. Schmidt's "records."  There is no disclosure of

**why** Mr. Miears is not a surgical candidate; **why** surgery cannot fix the pain or limitations; nor **what** those claimed limitations may be.  This is not an appropriate summary as required by Fed. R. Civ. P. 26(a)(2)(C)(ii), nor is the citation to "records" sufficient to direct the defense to the factual basis for the claimed conclusions.  Dr. Schmidt's designation also creates the same issues that Dr. Emery's does.  He is designated to testify to refute potential testimony and evidence from the Defendant is an obvious acknowledgement that this testimony is neither based on Dr. Emery's treatment of Plaintiff, nor are there any stated facts to support this potential future testimony.

Likewise, Plaintiffs submit Dr. Schmidt will testify regarding his review of Dr. Emery's records and those of Dr. Kalkowksi.  He is designated to testify that those records are consistent with his conclusions.  Such testimony converts Dr. Schmidt's treating function to that of an expert for which a report is required because those opinions are based on information obtained outside of treatment.  Like Dr. Emery and Dr. Kalkowski, Dr. Schmidt's testimony is limited to his personal knowledge of the treatment of the patient that he provided.  *Energy Drilling, LLC*, at 2016 WL 3509329, *3 (D. Wyo. April 1, 2016).  Copies of Dr. Schmidt's medical records for his treatment of Plaintiff produce by Plaintiffs are attached as Exhibit C.  Like Dr. Emery's records, Dr. Schmidt's records to not support the proffered testimony that Plaintiffs wish to introduce.

        d.     *Bill S. Rosen, M.D., P.C.: The anticipatory designation is untimely; there are no facts for which Dr. Rosen would be competent to testify.*

Plaintiffs cite that they **anticipate** Mr. Miears being seen by Dr. Rosen in "mid-October" and any records or other documentation will be supplemented.  By definition, anticipatory treatment or examination by Dr. Rosen, confirms there are no records, facts or treatment for which he could testify or opine.  The time for designation of experts has passed.  In the event Dr. Rosen were allowed to present testimony, attempts to circumvent the reporting or summary requirements should be strictly construed against Plaintiffs for their untimely and improper designation.  Sysco

reserves all later objections to future attempts to permit supplementation or the presentation of evidence and/or opinions of Dr. Rosen.

> **2.      Plaintiffs have not complied with Fed. R. Civ. P. 34 and 26 by failing to supplement their discovery responses as it pertained to expert witnesses.**

The *Order on Initial Pretrial Conference,* entered 3/21/19 [ECF Doc. 8], states "THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a)." Then, Fed. R. Civ. P. 26(e)(1) provides:

> ***In General.*** A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…

The *Order on Initial Pretrial Conference* does not supplant the mandates of Fed. R. Civ. P. 26 but rather emphasizes the parties' duties to properly supplement discovery responses.

Defendant propounded the following request for production pursuant to Fed. R. Civ. P. 34 upon Plaintiff, Rodney Miears, on March 26, 2019:

> **REQUEST NO. 14:**  With respect to each expert you expect to call at trial, please produce copies of his or her entire file, including but not limited to, all data provided to that expert from any source, all records, notes, documents, literature, treatises, bills, medical records and other records, statements, photographs and recordings; and all reports, whether preliminary of final, prepared by that expert regarding this case. This request is intended to include the entire file of each and every expert witness.

On April 26, 2019, Mr. Miears responded:

> **RESPONSE:** Plaintiffs have not yet determined which experts he expects to call at trial and will supplement this response in accordance with the Court's Order on Initial Pretrial Conference.

This response was never supplemented. Defendant is entitled to the discovery of those expert materials which are not privileged. *See* Fed. R. Civ. P. 26(b)(4). It is clear the Plaintiffs intend on eliciting information outside of the records produced. *See* Exhibits A, B and C. If the proffered opinions are supported by evidence not previously produced, it would be reasonable to assume such support is within in the responsive documents to Request No. 14. The lack of production compounds the Plaintiffs' failure to properly designate and disclose the anticipated testimony of the above-identified expert witnesses to the detriment of the defense.

> **3. Plaintiffs' failures are not harmless nor can be substantially justified. Therefore, the designations should be stricken.**

"A litigant who fails to comply with these requirements does so at his own peril. Rule 37(c)(1) bars the use of a witness or information that was not disclosed as required by Rule 26(a) or (e) unless the offending party can establish that the failure to comply with the Rule is either substantially justified or harmless." *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 429 (N.D. Okla. 2008) (citing *Kern River Gas Transmission Co. v. 6.17 Acres*, 156 F. App'x. 96, 101 (10th Cir. 2005)), *Miranda v. Wyoming Dept. of Transportation*, 2017 WL 9287016, *4 (D. Wyo. Dec. 15, 2017), (Testimony is limited to the facts and opinions identified in expert designation). The court looks to the following factors in determining whether errors were harmless:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
> (2) the ability of the party to cure the prejudice;
> (3) the extent to which introducing such testimony would disrupt the trial; and
> (4) the moving party's bad faith or willfulness.

*Miranda v. Wyoming Department of Transportation*, 2017 WL 9287016, *5 (D. Wyo. Dec. 15, 2017).

Dr. Emery's and Dr. Schmidt's designations fail to provide a proper summary, but moreover, go beyond the course and treatment of Mr. Miears. They make blanket conclusions

without any identified factual support.  If limited to his course and treatment, a detailed summary need not be provided.  If Dr. Emery and Dr. Schmidt intend to testify outside of that context, a formal written report must be supplied.  Neither has occurred. *See* Fed. R. Civ. P. 26(a)(2)(B) or (C), *see also Prager v. Campbell County Memorial Hospital*, 2011 WL 13141599, *2 (D. Wyo. May 11, 2011).  Similarly, the same issues present with Dr. Kalkowski.  The produced records do not mention, and the designation does not identify, any facts referencing or supporting the broad conclusions.  Finally, designating Dr. Emery and Dr. Schmidt to testify to refute allegations purported from Sysco or its expert witnesses is obviously not based on the records of either docto,r nor is there an explanation for these expected opinions that were not provided in the designation. These failures frustrate the defense's ability to properly prepare for trial.  *See Miranda v. Wyoming Dept. of Transportation*, 2017 WL 9287016, *4-5, (D. Wyo. Dec. 15, 2017) (quoting Jack H. Friedenthal, *Discovery and Use of an Adverse Party's Expert Information,* 14 STAN. L. REV. 455, 485 (1962).

The current records of Dr. Emery, Dr. Kalkowski and Dr. Schmidt make no reference to any facts supporting the proffered conclusions.  Therefore, allowing supplementation would discloses new or additional facts for which the defense is entitled to investigate but does not possess. The defense cannot prepare for facts or opinions based on treatment that has not occurred. It is not a cure to allow for untimely supplementation which consequently requires additional, extensive discovery.

There is an inherent unfairness and inefficiency that would occur at trial if the designations were to stand.  The purpose of Fed. R. Civ. P. 26 is to provide full and complete disclosure such that either party can fully prepare for examination.  Trial is not the time to raise lengthy challenges,

delay precious trial time or take extended recesses or to be ambushed by opinion testimony when compliance with the rules should have occurred since this matters' inception.

The above issues are further amplified by Plaintiffs' failure to properly supplement Mr. Miears' response to Request No. 14. Plaintiffs' have had ample opportunity to furnish the required material but have failed to do so. Defendant would be prejudiced if Plaintiffs' designations are not stricken. Plaintiffs failed to meet their Rule 26, Rule 33 and the Court's *Order on Initial Pretrial Conference* obligations, and the proffered testimony should be stricken.

### III.    CONCLUSION

In total, Plaintiffs have failed to supply proper summaries identifying the factual basis supporting the broad, sweeping conclusions. Furthermore, the attempts to elicit testimony well beyond the course of treatment, transforms the Plaintiffs' duties to comply with Fed. R. Civ. P. 26(a)(2)(B). Neither Fed. R. Civ. P. 26(a)(2)(B) nor (C) have been satisfied by Plaintiffs.

WHEREFORE, Defendant respectfully requests this Court strike the expert designations of Dr. Emery, Dr. Kalkowski, Dr. Schmidt and Dr. Rosen for failing to comply with the Fed. R. Civ. P. 26(a)(2) and this Court's Order.

DATED this 21st day of October 2019.

Jeff S. Meyer, WSB No.6-4280
Schwartz, Bon, Walker & Studer, LLC
141 South Center, Suite 500
Casper, WY 82601
(307) 235-6681 | Fax: (307) 234-5099
jmeyer@schwartzbon.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

  This is to certify that on this 21st day of October 2019, I served a true and correct copy of the above and foregoing via CM/ECF electronic filing upon counsel properly addressed as follows:

Laurence Stinson
Scott Stinson
Stinson Law Group, PC
1421 Rumsey Ave.
Cody, WY 82414
laurence@stinsonlawyers.com

Thomas Keegan
Keegan, Krisjansons, & Miles, PC
1233 Bleinstein Ave.
Cody, WY 82414
t.keegankkmattorneys.com

*Attorneys for Plaintiff*

Jeff S. Meyer