Jeff S. Meyer, WSB No. 6-4280
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper WY  82601
307-235-6681 | Fax: (307) 234-5099
jmeyer@schwartzbon.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RODNEY MIEARS and MARIAN MIEARS, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 18-CV-225F |
| vs. | ) ) | |
| SYSCO MONTANA, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF IT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DIRECT NEGLIGENCE CLAIM AGAINST DEFENDANT**

COMES NOW Defendant, Sysco Montana, Inc. ("Defendant"), by and through its attorneys of Schwartz, Bon, Walker & Studer, LLC, and hereby submits its *Brief in Support of it's Motion for Summary Judgment on Plaintiffs' Direct Negligence Claim against Defendant* as follows:

### I.   STANDARD OF REVIEW

Summary judgment is appropriate under Fed. R. Civ. P 56 when the pleadings and admissible evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Western Diversified Services, Inc. v. Hyundai Motor America, Inc.*, 427 F.3d 1269, 1272 (10th Cir. 2005).  When there is sufficient evidence that the trier of fact could resolve an issue either way, the issue becomes

genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact exists if under the substantive law the fact is necessary to the resolution of the claim. *Id.* The record is viewed in the light most favorable to the non-moving party, and all reasonable inferences are resolved in the non-moving party's benefit. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Conjecture and speculation are insufficient to defeat a motion for summary judgment. *Self v. Crum*, 439 F.3d 1227, 1236 (10th Cir. 2006). The party moving for summary judgement has the burden of persuasion. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 980 (10th Cir. 2002). "A federal Court sitting in diversity must ascertain and apply state law to reach the result the Wyoming Supreme Court would reach if faced with the same question." *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).

## II. UNDISPUTED MATERIAL FACTS

For the purposes of this Motion, the undisputed material facts can be ascertained from the Plaintiffs' Complaint, and the Plaintiffs' proposed First Amended Complaint. Plaintiffs have asserted claims for negligence, loss of consortium and punitive damages against Sysco in their complaint. ECF No.1; ECF No. 32-1. Plaintiffs allege that the underlying facts of their claims arose from an automobile accident that occurred on June 15, 2015, when a semi-tractor trailer being operated by the Defendant's employee collided with a vehicle being driven by Plaintiff Rodney Miears. ECF No.1, ¶ 8; ECF No. 32-1, ¶¶ 11 and 12. Plaintiffs further assert factual allegations that the Defendant was in violation of safe driving practices and crashed the tractor trailer into Plaintiff Rodney Miears' vehicle through the actions of its driver. ECF No.1, ¶¶ 9-10; ECF Doc. 32-1, ¶¶ 8, 9 and 10. Plaintiffs factually allege that the Defendant was the cause of the crash, and that the Defendant is responsible for the conduct of its driver who was working in the

course and scope of his employment at the time of the accident. ECF No.1, ¶¶ 11 and 13; ECF No. 32-1, ¶¶ 8, 9, 17, 18, 19 and 20.

Plaintiffs additionally assert factual allegations in their proposed First Amended Complaint to include: Sysco knew that Friede was a new driver, that his scheduled delivery at the Yellowstone Valley Inn was a new stop for him; and that Friede was behind schedule and Sysco was aware of this, ECF No. 32-1, ¶13; Friede was a "distracted driver", *Id.* at ¶13; Sysco failed to complete training documentation for Friede, *Id.* at ¶14; Sysco failed to inform Friede where to make his delivery at the Yellowstone Valley Inn after he arrive, *Id.* at ¶ 15; and Sysco hired Friede in violation of its hiring 'policies", *Id.* at ¶16

The negligence allegations of Plaintiffs' claims against the Defendant assert direct claims of negligence against the Defendant. These claims include allegations that "the negligence of Defendant Sysco was the cause of the collision." *Id.* at ¶ 25. That "Defendant Sysco is required to keep, maintain, enforce and follow safe driving practices and policies. Defendant failed to do this and is negligent." *Id.* at ¶ 26. That Sysco was negligent in numerous ways, including but not limited to: "its driver rushing to make a turn while operating Sysco's tractor-trailer; its driver failing to maintain a safe and proper lookout to prevent injury to others, including Plaintiff; and its driver failing to maintain proper control of the tractor trailer so as to avoid injury to others, including Plaintiff. *Id.* at ¶ 27.

Defendant admitted that its employee was in the course and scope of his employment on June 15, 2015 when the accident occurred, and that it is vicariously liable for its employee's negligent conduct in its Answer to Plaintiffs' original Complaint. ECF No. 3. For the purposes of this Motion and for trial, and prior to filing its Answer to Plaintiffs' Amended Complaint, Sysco continues to admit that James Friede, its employee, was in the course and scope of his employment

on June 15, 2015 when the accident occurred, and that it is vicariously liable for its employee's negligent conduct. Sysco also admits that, at least to the extent that Plaintiffs' Complaint, can be construed to allege negligent conduct of its employee; that its employee was negligent; the cause of the accident; and that Plaintiff Rodney Miears was not at fault for the accident.

### III.  ARGUMENT

Defendant is entitled to an order granting its Rule 56 Motion for Summary Judgment against the claims of direct negligence against Defendant because Wyoming law prohibits direct claims of negligence against an employer when the employer admits that the employee was working in the course and scope of his employment and the employer admits it is vicariously liable for the negligent conduct of its employee. It is well established under Wyoming law that once an employer admits it is vicariously liable for the negligence of its employee via the doctrine of *respondeat superior*, it is improper to allow a plaintiff to proceed against the employer on other theories of imputed liability. *Bogdanski v. Budzik*, 406 P.3d 1156, 1161-1164, (Wyo. 2018); *Cahalan v. May Trucking, Co., et. al*, 2012 WL 12915496 (U.S. D. Ct. WY 2012). *Bogdanski* establishes that when an employer admits that it is vicariously liable for the negligence of its employee, if any, direct claims of negligence against the employer related to hiring, training, supervision, maintenance, testing, policies, whether those policies were followed, and a myriad of other things are not actionable against the employer defendant. *Bogdanski*, 406 P.3d 1161-1164.

In *Bogdanski*, the Wyoming Supreme Court adopted the *McHaffee* rule establishing that where an employer, like the Defendant in this case, admits that it is vicariously liable for the actions of its employee, direct negligence claims against the employer become superfluous. *Id.* at 1162. The reason for this rule is that for a plaintiff to recover on these direct claims against an employer, the plaintiff is required to establish the negligence of the defendant's employee, which the

employer has admitted liability for. *Id.* at 1163. There becomes no necessity to establish direct liability of the employer once the it has admitted responsibility for the employee's negligent conduct. *Id.* The purpose of this rule is to prevent double apportionment and allocation of the employer's liability. *Id.* The rationale for this rule is obvious, the employer has admitted that it is 100% liable for the damages that result from its employee's negligence, and thus, plaintiffs will fully recover. Determining what percent of the employee's negligence resulted from the direct negligence of the employer becomes irrelevant for this reason.

Prior to the Wyoming Supreme Court's ruling in *Bogdanski*, this Court determined an identical issue when it issued a ruling granting summary judgment to an employer against independent direct negligence claims against the employer after the employer admitted *respondeat superior* liability for the negligent acts of its employee. *See Cahalan v. May Trucking, Co., et. al*, 2012 WL 12915496 (U.S. D. Ct. WY 2012). As this Court noted in *Cahalan*, when a defendant employer is already entirely responsible for the liability of its employee's negligent as a result of its admission of *respondeat superior* and vicarious liability, a cause of action against the employer for its direct negligence would be duplicative. *Cahalan v. May Trucking, Co., et. al*, 2012 WL 12915496 (U.S. D. Ct. WY 2012). This Court was 100% accurate of what the Wyoming Supreme Court would decide when it adopted the *McHaffie* rule. Specifically, that independent and direct claims of negligence against an employer are not allowed when the employer has admitted responsibility for the negligent conduct of its employee. The only issue to be determined is the negligent conduct of the employee, and direct claims against the employer are superfluous and ultimately could result in double liability and prejudicial evidence.

Defendant anticipates that Plaintiffs will argue that *Bogdanski* and *Cahalan* (and other similar cases from this District) are not applicable because Plaintiffs did not bring a direct action

against Sysco's employee, and thus there is no chance of a "double recovery".[1]  Plaintiffs' argument, if this is indeed what they argue, will entirely miss the rationale for the Wyoming Supreme Court's adoption of the *McHaffee* rule.  The double recovery the Court spoke of is not recovering from the employee and the employer, the double recovery is recovering from the employer for both the damages caused by the employee's negligent conduct and recovering from the employer for its direct negligence, which would not have existed without the employee's negligence.  When a plaintiff is entitled to recover the same damages under an imputed liability claim from the defendant employer, the plaintiff will also recover the same damages he would have under the direct negligence claims against the employer.  *Bogdanski*, 408 P.3d at 1162, ¶ 22.  The direct negligence claims become superfluous.  *Id.*  If Sysco had denied *respondeat superior* and its vicarious liability for its employees conduct, then Plaintiffs could proceed directly against Sysco for its negligence.

  Examining *Bogdanski* reveals the fallacy of Plaintiffs' position that the employee must also be a party before the *McHaffee* rule applies.  In *Bogdanski*, the defendant's employee was originally a party, but he was granted summary judgment because the employee was immune from a direct suit under the applicable law.  *Bogdanski*, 408 P. 3d at 1159.  As this Court noted in *Cahalan*, it is the employer's admission of vicarious liability that prevents the direct negligence claims.  This is unrelated to whether the employee is or is not a party.  There is simply no rule that requires an employee to also be named for the *McCaffee* and *Bogdanski* rule to apply.  The issue is the employee's negligence, which the employer has admitted liability for.  Allowing the direct negligence claims against the employer to continue because the employee is not named will allow the chances of double recovery that *McHaffee* and *Bogdanski* specifically prohibit.

---

[1] *See* ECF No. 18, *Plaintiffs' Response to Defendant's Motion for Settlement Conference*, p. 5, ¶ 6.

In the case of *Sanchez v. Home Depot, Inc.*, 2014 WL 2986677, Judge Johnson of this District analyzed a similar set of circumstances. In that case, Judge Johnson ruled the direct claims against the employer, similar to those alleged by the Plaintiff in this case, could not proceed where the defendant employer admitted *respondeat superior* liability and also where the employer accepted that its employee was one hundred percent at fault for the plaintiff's injuries. *Sanchez v. Home Depot, Inc.*, 2014 WL 2986677 at 4. There was simply no comparative fault to be determined between the employee and the plaintiff. *Id.* Here, Sysco has likewise admitted that if Plaintiffs have sufficiently alleged allegations of negligence against its employee, its employee was one hundred percent at fault and there is no negligence to compare between Plaintiffs and its employee.

Plaintiffs' proposed First Amended Complaint asserts direct claims of negligence against Sysco stating that: "the negligence of Defendant Sysco was the cause of the collision."; that Sysco was negligent for failing to keep and enforce safe driving practices; and that it was negligent because its driver rushed to make a turn, failed to maintain a safe and proper lookout; and its driver failing to maintain proper control of the tractor trailer. To the extent that these allegations assert claims of vicarious liability against Sysco for its employee's conduct, Sysco has admitted vicarious liability. However, these claims assert direct allegations of negligence against Sysco, and those allegations should be dismissed pursuant to the *Bogdanski* and the *McHaffie* rule.

The *Bogdanski* court left open the question of whether a direct claim against an employer under theories such as failure to train and/or supervise is appropriate when a plaintiff asserts allegations of punitive conduct against the employer related to the training and/or supervision of the employee. *Bogdanski*, 408 P. 3d at 1162 at ¶ 22, fn. 10. *See also Hockaday v. Aries Logistics, Inc.*, 2018 WL 4760518, *7 (Dist. Wyo. 2018). Where the employer demonstrates on a motion for

summary judgment that the evidence is insufficient to give rise to a claim of culpable conduct on the part of the employer, then dismissal of the direct claims of negligence and punitive damages are subject to dismissal under *Bogdanski* and the *McHaffie* rule. *Hockaday v. Aries Logistics, Inc.*, 2018 WL 4760518, *7 (Dist. Wyo. 2018). Sysco has contemporaneously filed a Motion for Summary Judgment against Plaintiffs' claims of punitive damages and culpable conduct in this matter and incorporates it into this brief. Based on that Motion, Sysco is entitled to an Order granting it summary judgment against Plaintiffs' direct claims of negligence against it.

### IV.  CONCLUSION

Sysco is entitled to this Motion for Summary Judgment on Plaintiffs' direct claims of negligence related to the hiring, retention, supervision, and training of its employee, James Friede. Sysco's Motion for Summary Judgment on Plaintiffs' claims for punitive damages demonstrates that there is no evidence that Sysco engaged in culpable conduct related to its employment of James Friede, and that even in the best light for Plaintiffs, Sysco's conduct was at best negligent. Because Plaintiffs claims of punitive damages against Sysco fail, Sysco is entitled to an Order granting it a Rule 56 Motion for Summary Judgment against Plaintiffs' direct negligence claims under the *Bogdanski/McHaffie* rule.

WHEREFORE, Defendant, Sysco Montana, Inc., respectfully requests this Court for an Order granting it a Rule 56 Motion for Summary Judgment against Plaintiffs' direct negligence claims.

[INTENTIONALLY LEFT BLANK]

DATED this 8th day of November 2019.


_____
Jeff S. Meyer, WSB No.6-4280
Schwartz, Bon, Walker & Studer, LLC
141 South Center, Suite 500
Casper, WY 82601
(307) 235-6681 | Fax: (307) 234-5099
jmeyer@schwartzbon.com
*Attorney for Defendant*

### **CERTIFICATE OF SERVICE**

      This is to certify that on this 8th day of November 2019, I served a true and correct copy of the above and foregoing via CM/ECF electronic filing upon counsel properly addressed as follows:

Laurence Stinson
Scott Stinson
Stinson Law Group, PC
1421 Rumsey Ave.
Cody, WY 82414
laurence@stinsonlawyers.com

Thomas Keegan
Keegan, Krisjansons, & Miles, PC
1233 Bleinstein Ave.
Cody, WY 82414
t.keegankkmattorneys.com

*Attorneys for Plaintiff*

_____
Jeff S. Meyer