Jeff S. Meyer, WSB No. 6-4280
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper WY  82601
307-235-6681 | Fax: (307) 234-5099
jmeyer@schwartzbon.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RODNEY MIEARS and MARIAN MIEARS, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 18-CV-225F |
| vs. | ) ) | |
| SYSCO MONTANA, INC., | ) ) | |
| Defendant. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND
## OF DEFENDANT SYSCO MONTANA, INC.
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Sysco Montana, Inc (hereafter "Sysco"), by and through its attorneys Schwartz, Bon, Walker & Studer, LLC and answers Plaintiffs' First Amended Complaint as follows:

1.      In response to Paragraph 1 of Plaintiffs' First Amended Complaint, Sysco admits that Plaintiffs are residents of Park County, Wyoming, and that Plaintiff Rodney Miears was injured in the accident that is the subject of this action.  Sysco denies the remaining allegations of this paragraph of Plaintiffs' First Amended Complaint.

2.      Sysco admits the allegations contained in Paragraphs 2, 3, 12 and 19 of Plaintiffs' First Amended Complaint.

3.      In response to Paragraph 4 of Plaintiffs' First Amended Complaint, Sysco admits that the tractor trailer combination being operated by its employee at the time of the accident weighed 44,000 pounds or more.  Sysco also admits that operating a semi-tractor trailer combination in interstate commerce requires training.  Sysco denies the remaining allegations of Paragraph 4 of Plaintiffs' First Amended Complaint.

4.      Paragraphs 5, 26, and 33 of Plaintiffs' First Amended Complaint assert legal conclusions related to duty and negligence and an answer from Sysco is therefore not required.  To the extent that these paragraphs assert allegations against Sysco, the allegations are denied.

5.      In response to Paragraph 6 of Plaintiffs' First Amended Complaint, this paragraph appears to attempt to assert a fact that is not relevant and appears to attempt to assert legal conclusions related to duty, and an answer from Sysco is therefore not required.  To the extent that this paragraph asserts allegations against Sysco, the allegations are denied.

6.      In response to Paragraph 7 of Plaintiffs' First Amended Complaint Sysco admits that it is a food delivery company and that it uses tractor trailer combinations for the delivery products it is contracted to deliver.  Sysco admits that it employed approximately 100 drivers at the time of the accident that is at issue.  Sysco admits that its tractor trailers are in contact with other motorists and pedestrians.  Sysco denies the remaining allegations of this paragraph of Plaintiffs' First Amended Complaint.

7.      In response to Paragraph 8 of Plaintiffs' First Amended Complaint, Sysco admits that on June 15, 2015, James Friede was an employee of Sysco, was operating a semi-tractor trailer combination owned by Sysco and was in the course and scope of his employment.

8.      In response to Paragraph 9 of Plaintiffs' First Amended Complaint, Sysco admits that it is vicariously liable for the negligent conduct of its employees.  Sysco denies any other allegations against it that could be construed from this paragraph.

9.      To the extent that Paragraphs 10, 17 and 18 of Plaintiff's First Amended Complaint assert allegations of negligence against Sysco, these allegations are denied.  Sysco admits that it is vicariously liable for the negligent conduct of its employees that occurs during the scope and course of their employment.  To the extent these paragraphs can be construed to assert that Sysco's employee was at fault for the accident at issue in this case, Sysco admits that its employee's actions caused the accident.  Sysco denies that it was a cause of the accident or that it violated safe driving practices.

10.     Sysco denies the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint asserting that James Friede was working for Sysco and that the accident happened on June 14, 2015.

11.     Sysco denies the allegations contained in the first Paragraph 13 of Plaintiffs' First Amended Complaint.

12.     In response to allegations contained in the second Paragraph 13 of Plaintiffs' First Amended Complaint, Sysco admits that Friede testified at his deposition in September 2019 that he was a distracted driver at the time of the accident.  To the extent that this paragraph asserts allegations against Sysco, the allegations are denied.

13.     Sysco denies the allegations contained in Paragraphs 14, 15, 16, 22, 23, 30, 31, 34, 35, 38, 39, 41, 42, 43, 44 and 45 of Plaintiffs' First Amended Complaint.

14.     In response to Paragraph 20 of Plaintiffs' First Amended Complaint, Sysco again admits that on June 15, 2015, James Friede was an employee of Sysco working in the scope and

course of his employment, and that Sysco is vicariously liable for the negligence of Mr. Friede under the doctrine of *Respondeat Superior* for his negligent acts that occurred during the scope and course of his employment.  To the extent that this paragraph of Plaintiffs' Complaint asserts that Sysco was independently negligent or that Friede was acting on behalf of Sysco, the allegations are denied.

15.     In response to Paragraphs 21 and 28 of Plaintiffs' First Amended Complaint, Sysco admits that Plaintiff Rodney Miears was injured as a result of the accident that is the subject matter of Plaintiffs' Complaint.  Sysco denies that its negligence caused Plaintiffs' alleged injuries and damages, and Sysco reserves the right to contest the nature, extent and causation of injuries, and damages at trial.

16.     Paragraphs 24, 29, and 32 of Plaintiffs' First Amended Complaint are restatements of allegations previously made in the Complaint and an answer from Sysco is not required.  To the extent that these paragraphs assert allegations against Sysco, the allegations are denied.

17.     In response to Paragraph 25 of Plaintiffs' First Amended Complaint, Sysco denies that it was negligent or that its negligence caused the accident, injuries, and/or damages at issue.  Sysco admits that James Friede was negligent and that his negligence caused the accident.

18.     To the extent that Paragraph 27, and all of its sub-parts, of Plaintiffs' First Amended Complaint assert allegations of negligence directly against Sysco, the allegations are denied.  To the extent that Paragraph 27, and all of its sub-parts, of Plaintiffs' First Amended Complaint assert allegations that James Friede, Sysco's employee was negligent, Sysco admits these allegations.

19.     In response to Paragraph 36 of Plaintiffs' First Amended Complaint, Sysco admits that the Yellowstone Valley Inn was a stop that was assigned to Friede on June 15, 2015 that had not previously been assigned to him, and that the route had more stops that day than previous routes to

Cody, Wyoming that Friede had delivered.  Sysco denies the remaining allegations of this paragraph of Plaintiffs' First Amended Complaint.

20.     In response to Paragraph 37 of Plaintiffs' First Amended Complaint, Sysco denies that it had knowledge or was informed that Friede had complications on June 15, 2015 and was allegedly behind schedule for his deliveries. Sysco denies any other statements contained in this paragraph that could be construed as allegations against Sysco.

21.     In response to Paragraph 40 of Plaintiff's First Amended Complaint, Sysco admits that it sets standards for its employees and expects its employees to meet the standards within the applications of the law and regulations applicable to them.  Sysco admits that it expects its employees to perform the jobs that they are employed to perform within the laws, regulations, rules and policies applicable to them.  Sysco denies that it knew Friede was "off schedule" on June 15, 2015.  Sysco denies that it encouraged or instructed Friede to violate any law, rule, regulation or policy.  Sysco denies any remaining allegations of this paragraph of Plaintiffs' First Amended Complaint that can be construed as allegations against Sysco.

22.     Paragraph 46 of Plaintiffs' First Amended Complaint continues to assert Plaintiffs' demand for a six-person jury trial, and an answer to this paragraph is not required.  Sysco further states that, pursuant to Local Rule of Civil Procedure Rule 48.1, the number of jurors for a civil jury trial to this Court is eight (8) jurors, and Sysco demands a trial to eight (8) jurors pursuant to this rule and Rule 38 of the Federal Rules of Civil Procedure.

23.     Plaintiffs' Complaint asserts general allegations of negligence against Sysco including that Sysco was negligent as a result of the negligent actions of its employee.  Sysco denies that it was negligent and denies that it acted recklessly, willfully or wantonly with regard to this incident.  To the extent that Plaintiffs have asserted that Sysco's employee, James Friede was

negligent, Sysco admits that its employee was at fault for the accident that is the subject of this litigation and that no other party caused or contributed to the accident, including Plaintiff Rodney Miears.  Sysco reserves the right to contest the nature, scope and extent of some or all of Plaintiffs' injuries or damages.

24.    To the extent that Sysco has not specifically answered any other allegation asserted against it in the Plaintiffs' Complaint, those allegations are denied.

WHEREFORE having answered Plaintiff's Complaint, Sysco Montana, Inc., prays for a dismissal and/or judgment in its favor for costs and expenses incurred, that Plaintiffs take nothing by way of their Complaint, and for such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

A.    Plaintiffs' damages, if any, were not caused in full by Sysco or Sysco's employee, and as such, any action or inaction of the answering Defendant was not the proximate cause of producing the damages alleged by Plaintiff, if any.

C.    Plaintiffs failed to mitigate their damages.

D.    This answering Defendant breached no duty to the Plaintiff.

E.    To the extent that Plaintiffs are asserting direct negligence claims against Sysco, liability asserted against the answering Defendant on any theory of fault as defined by W.S. § 1-1-109, and all other actors, parties and nonparties, including the Plaintiffs, must be assessed, evaluated and if any proportioned to their respective fault.  Pursuant W.S. § 1-1-109, the Plaintiffs' recovery, if any, must be reduced by the percentage of their fault, and the fault of other third-party actors.

F.    Plaintiffs' alleged injuries were proximately caused by the unforeseeable, independent or intervening and/or superseding events beyond the control of the answering Defendant.

G.     The Plaintiffs claims of direct negligence, if any, alleged against Sysco are barred by law as a result of Sysco's admission of its vicarious liability for the negligence of its employee.

**The answering Defendant reserves the right to amend its Answer and Affirmative Defenses as the discovery of additional information warrants.**

## <u>DEMAND FOR JURY TRIAL</u>

The Defendant pursuant to Rule 38 of Federal Rule of Civil Procedure, hereby restates its demand that this matter be tried to a jury of eight (8) persons.

DATED this 21st day of November 2019.

Jeff S. Meyer, WSB No. 6-4280
Schwartz, Bon, Walker & Studer, LLC
141 South Center, Suite 500
Casper WY 82601
307-235-6681 | Fax: (307) 234-5099
jmeyer@schwartzbon.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 21st day of November 2019, I served a true and correct copy of the above and foregoing via CM/ECF electronic filing upon counsel properly addressed as follows:

Laurence Stinson
Scott Stinson
Stinson Law Group, PC
1421 Rumsey Ave.
Cody, WY 82414
laurence@stinsonlawyers.com

Thomas Keegan
Keegan, Krisjansons, & Miles, PC
1233 Bleinstein Ave.
Cody, WY 82414
t.keegankkmattorneys.com

*Attorneys for Plaintiff*

Jeff S. Meyer